IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MERA WARREN-GALL,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   No. 10 C 3184
                                 )
ADVENTIST HEALTH SYSTEM,         )
                                 )
            Defendant.           )

## OPINION

Plaintiff Mera Warren-Gall is an African-American woman who worked as a phlebotomist at defendant's Hinsdale Hospital (the "Hospital").[1] Plaintiff was on medical leave during her pregnancy. When she attempted to return following the birth of her child, she was discharged. Plaintiff alleges she was discharged because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* After the close of discovery, defendant moved for summary judgment.

---

[1] Defendant contends that it is misnamed as Adventist Health System, with the proper defendant being Adventist Hinsdale Hospital. Since the case is otherwise being dismissed, it is unnecessary to resolve who the proper defendant should be.

Since plaintiff has not responded to the motion for summary judgment, all the facts contained in defendant's Local Rule 56.1 statement will be deemed to be admitted, but it still must be determined whether those facts support judgment as a matter of law. ***Raymond v. Ameritech Corp.***, 442 F.3d 600, 608 (7th Cir. 2006). The facts taken as true are as follows. On December 18, 2006, plaintiff was hired as phlebotomist at the Hospital. The Hospital's Employee Handbook provides that employees of the Hospital may take up to 12 weeks' leave during a rolling 12-month period. The Handbook further provides that, beyond the 12 weeks of medical leave, employees may be granted an extended leave of absence. However, after being on extended leave, an employee is not guaranteed reinstatement. Instead, such an employee must seek reinstatement in the same or alternative employment. Plaintiff was provided a copy of the Handbook as well as a separate written copy of the leave policy.

During the fall and spring of 2008/2009, plaintiff was pregnant and was granted permission to use a substantial amount of leave. As of mid-March 2009, she had exhausted her medical leave. Shortly before her medical leave was exhausted, plaintiff met with the Director of Human Resources and was advised regarding the Hospital's leave policy. Upon exhausting her medical leave, plaintiff was placed on an extended leave of absence. Around June 1, after having giving

birth, plaintiff contacted the Director of Human Resources regarding returning to work. He again informed her that she would have to apply for an open position. When plaintiff had not submitted any application by June 15, 2009, her employment was terminated.

The facts before the court only support that plaintiff was terminated for reasons other than race. Plaintiff has not presented any direct or indirect evidence of discrimination. There is no evidence that the pertinent decisionmaker considered plaintiff's race. There is also no evidence than a similarly situated employee who was not African-American was treated more favorably. Since there is no sufficient evidence of racial discrimination, defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [31] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

William T. Hart
_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 31, 2011